IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) NO. 1:19-cr-00013 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| | ) |
| STEVE LEWIS NEWELL | ) |

**MEMORANDUM OPINION**

Pending before the Court is Defendant's "Additional Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)" (Doc. No. 60, "Motion"). Via the Motion, Defendant seeks a reduction of his 21-month sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant notes that he "work[s] in food service [and] on June 22, 2021, [he] slipped on [a] wet floor and [ ] fell on [his] right side, resulting in a fracture[d] [ ] hip." Doc. No. 60 at 1. Due to the fall, Defendant "had to have emergency surgery to repair [his hip]" and is now confined to a wheelchair. *Id*. He also claims that he "meet[s] all the CDC risk factors for COVID-19." *Id*.

Last year, this Court concluded that a district court cannot disregard the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A)(i). *See United States v. Edwards*, No. 3:13-CR-00012-1, 2020 WL 1987288, at *11 (M.D. Tenn. Apr. 27, 2020) (Richardson, J.). And in an opinion issued thereafter, the Sixth Circuit confirmed that a district court may not disregard the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020). Accordingly, any request for compassionate release to a district court is premature until a "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). "Defendant carries

the burden to demonstrate exhaustion." *United States v. Isbel*, No. CR 13-8-DLB-CJS-18, 2018 WL 662484, at *2 (E.D. Ky. Feb. 1, 2018) (citing *United States v. Dowell*, 16 Fed. Appx. 415, 420 (6th Cir. 2001)).

Here, Defendant has not made the required showing that she has satisfied the exhaustion requirement. Accordingly, Defendant's request for compassionate release is hereby DENIED without prejudice to refiling a proper motion for compassionate release once he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion for compassionate release on his behalf or the lapse of 30 days from the receipt of such a request by the warden of [FPC Montgomery], whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE